

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 22, 1975

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 503

Re: County Clerk's acceptance
of waiver of certain marriage
license requirements under
the Family Code, as amended.

Dear Mr. Resweber:

You have requested our opinion as to whether or not "the County Clerk [is] obligated or permitted to accept a court ordered waiver of the furnishing of the information concerning age, identification of the applicant or identification of the parent required on the marriage license application."

Prior to January 1, 1974, section 1.05 of the Family Code read as follows:

> Any information pertaining to an applicant, other than the applicant's name, may be omitted from the application, and any formality required by Subchapters A, B, and D of this chapter may be waived on the county judge's written order, issued for good cause shown, and submitted to the county clerk at the time the application is made.

As rewritten, section 1.05 omits entirely this provision regarding waiver. Furthermore, section 1.07 specifically prohibits the issuance of a license unless certain conditions are fulfilled:

> (a) The county clerk may not issue a license to the applicant if:

(1) either applicant fails to provide information as required by Sections 1.02 and 1.05 of the code; [and]

(2) either applicant fails to submit proof of age and identity; . . . .

Both of these conditions were inserted for the first time in the amended code that took effect on January 1, 1974.

Finally, a reference in former section 1.02 to the county judge's waiver order, requiring an applicant to submit the order "if applicable," was deleted from section 1.02 of the amended code. This deletion would seem to indicate that the Legislature did not contemplate the continued existence of such an order.

It would appear, therefore, that on three separate occasions in the amended Family Code, the Legislature expresses its intention to abrogate the waiver provision of former section 1.05. As a result, the County Clerk is neither obligated nor even permitted to accept a court-ordered waiver of the furnishing of the information concerning age, identification of the applicant or identification of the parent required on the marriage license application. Compare Attorney General Opinion H-216 (1974) which discusses waiver of age requirements by a district court.

## SUMMARY

A County Clerk is neither obligated nor permitted to accept a court ordered waiver of the furnishing of the information concerning age, identification of the applicant or identification of the parent required on the marriage license application.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

_DAVID M. KENDALL, First Assistant_

_C. ROBERT HEATH, Chairman_
Opinion Committee

lg